**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 19-483** |
| | : | |
| | : | |
| **DENNIS KELLEY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                              **February 16, 2021**

Our grand jury charges Dennis Kelley with thirty-six counts of wire fraud and money laundering and related charges arising out of his accounting, tax preparation, and financial services business. Mr. Kelley moves to sever the charges into four separate trials arguing his view of distinctions among the alleged schemes. We extended the trial date several times at Mr. Kelley's request and mindful of COVID-19 mitigation. Trial is now set under a last continuance to begin July 13, 2021.

The alleged schemes arise from the same type of alleged fraudulent business and accounting conduct and can be readily described and understood in one trial along with a limiting instruction if requested reminding the jury of their obligation to evaluate whether the United States met the burden of proof on each count. We deny Mr. Kelley's motion.

## I.      Background

The United States alleges from at least the summer 2010 through June 2018, Mr. Kelley owned and operated an accounting business in Philadelphia providing various services including tax return preparation, corporate bookkeeping, and financial planning. Mr. Kelley employed several people in his business.

The United States alleges between 2012 and 2017 Mr. Kelley defrauded the Pennsylvania

Department of Labor by filing false and fraudulent unemployment claims for himself and three of his employees.[1] The United States alleges Mr. Kelley attempted to obstruct justice by threatening to disclose compromising photographs of one of his employees if she testified truthfully before the grand jury on the unemployment benefits scheme.[2] The grand jury charged Mr. Kelley with wire fraud and obstruction of justice.

The United States alleges between 2016 and 2017, Mr. Kelley through his business defrauded the daughter of deceased clients of approximately $360,000 in her inheritance he used to purchase his family's vacation home out of foreclosure and for personal and business expenditures, using credit cards in his name, his son's name, and another former client whose identity he stole.[3] The United States alleges in connection with this scheme to defraud the daughter of his clients, Mr. Kelley used false and fraudulent pretenses through the United States mail and stole his former client's identity.[4] The United States alleges Mr. Kelley committed money laundering in connection with his fraud upon his clients' daughter.[5] The grand jury charged Mr. Kelley with wire fraud, mail fraud, aggravated identity theft, and money laundering.

The United States alleges Mr. Kelley structured his financial transactions with a banking institution to cause the bank to avoid filing reports required by federal law.[6] The United States alleges this structuring activity involved the same bank account and funds related to Mr. Kelley's scheme to defraud the daughter of his clients. The grand jury charged Mr. Kelley with structuring currency transactions to evade reporting.

II.    **Analysis**

Mr. Kelley moves to sever the 36-count superseding indictment into four trials: (1) charges relating to the fraudulent unemployment compensation scheme (Counts 1 through 14); (2) charges relating to the defrauding of his clients' daughter (Counts 15 through 30 and 32 through 35); (3)

2

charges relating to identify theft of his former client (Count 31); and (4) the structure offenses (Count 36).[7]

Mr. Kelley argues these offenses are improperly joined under Federal Rule of Criminal Procedure 8(a) because they are not "of the same or similar character" and have no "transactional nexus." He additionally argues even if we determine joinder is proper, we must order severance under Federal Rule of Criminal Procedure 14 because he will be prejudiced if all counts are tried in one trial. He argues the jury "will have difficulty in compartmentalizing the distinct facts" relating to each of the charged offenses; will "develop an inaccurate opinion about Mr. Kelley's propensity to commit crime; cautionary instructions to the jury will not overcome "the irreparable harm" to him caused by joinder of all counts into one trial; and the prejudice to him outweighs the conservation of judicial resources in trying all counts in one trial.

The United States opposes Mr. Kelley's motion.[8]  It argues joinder of the offenses charged in the superseding indictment is proper under Rule 8(a) because three-quarters of the offenses allege wire fraud and mail fraud; another seven counts arise directly from the wire and mail fraud counts; and the structuring count arises from Mr. Kelley's fraudulent business activity contemporaneous to the conduct alleged in other counts. The United States argues Mr. Kelley fails to identify actual prejudice he is required to show under Rule 14 and instead speculates the jury could possibly ignore the Court's instruction to compartmentalize its consideration of the joint offenses. The United States additionally argues four separate trials is a waste of judicial, jury, prosecution, and defense resources.

Rule 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected

with or constitute parts of a common scheme or plan."[9] Under Rule 14(a), we may "order separate trials of counts" if "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant" even if joinder of offenses in one indictment is proper under Rule 8(a).[10]

Upon review, we agree with the United States and find the claims properly joined under Rule 8(a) and Mr. Kelley failed to meet his burden of showing prejudice to sever the counts for trial under Rule 14.

### A.    The offenses are properly joined under Rule 8(a).

Rule 8(a) allows joinder of offenses when there is a "transactional nexus" or where the offenses "are of the same or similar character."[11] This makes Rule 8(a) "more permissive" than Rule 8(b) governing joinder of more than one defendant.[12]

Mr. Kelley argues the charged offenses are not "of the same or similar character" and do not have a "transactional nexus." "[C]ounts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence."[13] Offenses may also be joined if "they occurred within a relatively short period of time of each other and the evidence of each overlaps."[14] "Offenses need not be identical to be joined; it is sufficient if 'each was committed in pursuit of the common scheme charged.'"[15] A "transactional nexus can be based on a physical, temporal, or logical connection between offenses, such as an interrelation of facts or evidence."[16]

We look to the indictment to determine if joinder of offenses is proper.[17] Mr. Kelley contends the four categories of offenses charged—unemployment compensation offenses; defrauding the daughter of his deceased clients; identity theft of a former client; and structuring— occurred over eight years, involve different victims, and different modus operandi and are, therefore, not of the same or similar character. He argues the four categories of offenses have no

transactional nexus because they are not part of a series of related occurrences or common scheme and there is no "overlap" of the evidence relating to each of the four categories he argues is "completely unrelated."

The United States charged Mr. Kelley with fraud run through his business in Philadelphia from 2012 to 2017. The United States argues the offenses relating to defrauding the daughter (in Counts 15 through 30) are properly joined with the identify theft charge (Count 31), because the superseding indictment alleges Mr. Kelley used credit cards in the name of his former client to pay personal and business expenses and then used the fraud proceeds obtained from defrauding the daughter of his deceased clients to pay off the credit cards.

The United States argues the unemployment compensation scheme (Counts 1 through 14) and the scheme to defraud the daughter (Counts 15 through 35), although involving different victims, all allege Mr. Kelley engaged in fraud for his own enrichment and include twenty-seven violations of wire fraud and one for mail fraud in connection with these schemes. The United States alleges Mr. Kelley's fraudulent activity related to these charges occurred in 2012 through 2017 and have a significant temporal overlap, another reason supporting joinder. The United States argues these charges stem from Mr. Kelley's accounting and tax preparation business and the United States will present evidence to show how Mr. Kelley ran his business based on overlapping testimony of the defrauded daughter and his former employees.

The United States responds most of Mr. Kelley's alleged schemes occurred at his busines property, used the same bank account for the alleged fraudulent activity, and structured his withdrawals from the same bank account to avoid the bank's federal reporting requirements.

The alleged offenses are properly joined. They are of a "similar character" as they all involve Mr. Kelley's alleged schemes run through his business for his personal enrichment. Mr.

5

Kelley allegedly then structured withdrawals of funds achieved through his fraudulent schemes to avoid triggering his financial institution's reporting requirements. The schemes defrauding the daughter of his deceased clients of her inheritance and then using those ill-gotten funds to pay off credit cards taken in the name of a stolen identity of another client are "interrelated parts of a common scheme or plan."[18]

Our Court of Appeals' decision in *United States v. Fattah* persuades us as to the proper joinder of the charges against Mr. Kelley. In *Fattah*, our Court of Appeals rejected defendant's argument the indictment improperly joined "three distinct categories of crime: bank fraud, tax fraud, and fraud on the Philadelphia School District."[19] The court found defendant's schemes of "similar character" and "interrelated parts of a common scheme or plan," involving "a series of false representations about business entities owned or represented by [defendant] . . . calculated to either steal or avoid paying certain funds" and fraud on two different victims "had the effect of transferring ill-gotten gains [to defendant's business], which [defendant] used as his personal bank account"[20] The court concluded "the different offenses represent different components of a single 'enrichment scheme,' and '[j]oinder under this rationale is acceptable.'"[21]

Guided by *Fattah*, the charges against Mr. Kelley allege "different components of a single enrichment scheme" making joinder under Rule 8(a) proper.

**B.     Mr. Kelley fails to show prejudice necessary to warrant severance under Rule 14.**

Mr. Kelley argues even if the offenses are properly joined under Rule 8(a), we may nonetheless sever the offenses under Rule 14 because he will be prejudiced if all offenses are tried in a single trial.

The decision to sever under Rule 14 is "left to the sound discretion of the District Court."[22]

To prevail on his motion to sever under Rule 14, Mr. Kelley must "pinpoint clear and substantial prejudice resulting in an unfair trial."[23] Mr. Kelley must do more than show "severance would have increased [his] chances of acquittal."[24] "[T]he question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'"[25] "Because juries are presumed to follow instructions, jury instructions are 'persuasive evidence that refusals to sever did not prejudice the defendant [ ].'"[26] "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."[27]

Mr. Kelley speculates the jury will "have difficulty in compartmentalizing the distinct facts" relating to the separate offenses charged in the superseding indictment and may cause the jury to combine evidence unique to each offense or "refer to evidence of one crime in order to make a factual determination as to the other crime" making it "conceivable the jury may inadvertently use the evidence regarding one group of offenses to convict [him] of the other groups, and vice versa."[28] Mr. Kelley additionally argues the jury will have difficulty in compartmentalizing the evidence relating to each offense "because the simultaneous presentation of all of the relevant evidence will most likely cause the jury to develop an inaccurate opinion about [his] propensity to commit crime." He speculates testimony relating to the wire fraud charges will "likely include emotional testimony from the victims."[29]

Mr. Kelley contends our cautionary instructions to the jury will not overcome the irreparable harm to him caused by trying all offenses together in a single trial. But we presume juries follow their instructions. Our Court of Appeals consistently affirmed denials of severance motions where, for example, there is different evidence presented as to distinct crimes and where duplicative evidence would be presented in separate trials;[30] where evidence is "relatively straight-

forward and discrete" and "not overly technical or scientific," and where the district court instructed the jury to "separately consider the evidence against each defendant on each of the offenses charged" and  its "decision on any one defendant or any one offense . . .  should not influence [its] decision on any of the other defendants or offenses."[31]

Rule 14 permits severance of properly joined counts where trial would cause a defendant "clear and substantial prejudice." Mr. Kelley fails to show this requisite prejudice necessary for severance.

### III.    Conclusion

We deny Mr. Kelley's motion for severance.

---

[1] ECF Doc. No. 35, Superseding Indictment, Counts 1–12.

[2] *Id.* at Counts 13, 14.

[3] *Id.* at Counts 15–29.

[4] *Id.* at Counts 30, 31.

[5] *Id.* at Counts 32–35.

[6] *Id.* at Count 36.

[7] ECF Doc. No. 60.

[8] ECF Doc. No. 64.

[9] Fed. R. Crim. P. 8(a).

[10] Fed. R. Crim. P. 14(a).

[11] *United States v. Irizarry*, 341 F.3d 273, 287 n. 4 (3d Cir. 2003) (quoting *United States v. Eufrasio*, 935 F.2d 553, 570 n.2 (3d Cir. 1991)).

[12] *Id.*

[13] *United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010).

[14] *Id.*

[15] *United States v. Hudgins*, 338 F. App'x 150, 152  (3d Cir. 2009) (quoting *United States v. Scott*, 326 F.Supp. 272, 276 (W.D.Pa. 1971), *aff'd*, 460 F.2d 45 (3d Cir. 1972)).

[16] *United States v. Hill*, No. 17-cr-276, 2019 WL 2110573, at *2 (M.D.Pa. May 14, 2019) (citing *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987)).

[17] *Heilman*, 377 F. App'x at 202.

[18] *United States v. Fattah*, 858 F.3d 801, 818–19 (3d Cir. 2017).

[19] *Id.* at 818.

[20] *Id.* at 819.

[21] *Id.* (quoting *United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992).

[22] *United States v. Ginyard*, 65 F. App'x. 837, 838 (3d Cir. 2003) (citing *Zafiro v. United States*, 506 U.S. 534 (1993) and *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981)).

[23] *United States v. Green*, 563 F. App'x 913, 917 (3d Cir. 2014) (quoting  *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011)).

[24] *Id.* (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)).

[25] *Id.* (quoting *Walker*, 657 F.3d at 170).

[26] *Id.* (quoting *Walker* at 171).

[27] *Zafiro*, 506 U.S. at 538–39.

[28] ECF Doc. No. 60 at 14.

[29] *Id.* at 15.

[30] *United States v. Wares*, 689 F. App'x 719 (3d Cir. 2017) (affirmed denial of motion to sever where defendant charged with crimes against multiple victims).

[31] *United States v. Staton*, 605 F. App'x 110, 115 (3d Cir. 2015) (district court did not abuse its discretion in denying motion by one defendant to sever claims from another defendant). *See also Green*, 563 F. App'x at 918 (district court did not abuse its discretion in denying motion to sever discrete bank robbery and firearm offenses and "jury could easily compartmentalize the evidence on each respective count by considering each incident separately."); *United States v. Duran*, 563 F. App'x 174, 181 (3d Cir. 2014) ("we have repeatedly affirmed denial of severance motions when

evidence is able to [be] compartmentalize[d] by a jury, like the evidence . . . here") (citation omitted); and *Walker*, 657 F.3d at 170 ("Where additional charges against a single defendant are relatively straightforward and discrete, we have not doubt[ed] that the jury reasonably could have been expected to compartmentalize the evidence . . . and actually did so.") (citations omitted).